**UNITED STATES of America,**
**Appellee,**

v.

**Clarence JONES, Defendant–Appellant.**

**Docket No. 97–1408**

United States Court of Appeals,
Second Circuit.

Motion Filed: March 14, 2000

Decided: May 4, 2000

David L. Lewis, New York, New York.

Before: KEARSE, Circuit Judge.

PER CURIAM.

■ David L. Lewis, Esq., who served as appointed counsel for defendant-appellant on appeal and on petition to the United States Supreme Court for a writ of certiorari, has moved for permission to file a voucher for payment pursuant to the Criminal Justice Act ("CJA voucher"), 18 U.S.C. § 3006A, more than one year after the deadline for filing such vouchers, as established by this Court's Rules. For the following reasons, the motion is denied.

The present appeal was argued on September 17, 1998, and was decided on October 7, 1998. This Court's Rules provide that

[u]nless good cause is shown, claims for attorney's fees, expenses and services shall be submitted no later than 45 days after this Court has finally disposed of the appeal.

Local Rules of the United States Court of Appeals for the Second Circuit ("Second Circuit Rules"), Appendix Part A, Amended Plan To Supplement the Plans Adopted by the Several District Courts Within the Circuit, As Required by the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, As Amended, Rule V.1. ("CJA Payment Rule"). The 45–day deadline imposed in the CJA Payment Rule has been in effect for more than two decades. *See, e.g.*, Second Circuit Rules, Rule IV.1. (Clark Boardman Co. ed.1977).

On February 24, 2000, more than 500 days after the appeal in this case was decided, Lewis attempted, unsuccessfully, to submit his voucher without filing either a motion to excuse his failure to comply with the deadline or any accompanying explanation for the delay. On March 14, 2000, Lewis filed a motion stating, without citation or attribution, that "[c]ounsel was advised that the voucher should have been submitted within six months of the argument date" (Affidavit of David L. Lewis dated March 10, 2000, ¶ 3), and proffering the following explanation for submitting his voucher more than 17 months after the appeal was argued, *i.e.,* more than 11 months beyond what he believed to be the deadline:

Counsel was late submitting the voucher for payment as the administrative staff of the office was overworked and the preparation of the voucher was overlooked. Additionally, it was not filed within the time frame of the rule, (6 months from argument date), as the office staff thought it was more economical to allow for the preparation of the Petition for Writ of Certiorari to be completed.

(*Id.* ¶ 4.) This explanation seems self-contradictory, stating first that the failure to timely file was accidental, and second that that failure was a conscious choice because his office preferred, for economy of effort, to file later. Even if counsel's belief as to the deadline for filing were correct, we conclude that neither of his explanations for failing to meet that deadline is acceptable.

This is not the first such motion submitted by Lewis based on the above explanations. In June 1999, he submitted a CJA voucher in *United States v. Garcia,* No. 97–1180, more than a year after that case was argued and decided; when informed that he was required to submit a motion for leave to file late, he proffered, in ¶ 4 of his affidavit dated October 27, 1999, explanations identical to those quoted above. Isolated lapses in office procedure— whether due to poor record-keeping or to the failure of counsel to supervise staff with respect to compliance with Court Rules—may on occasion be excused; and in *Garcia,* the first proffer of these explanations by Lewis, so far as we are aware, Lewis's motion to file late was granted and his voucher was paid.

It has become clear, however, that the failures disclosed in *Garcia* and in the present case were not isolated lapses. This is at least the fourth case in which Lewis has moved for permission to file a

CJA voucher several months beyond the deadline, even as he viewed it, and in which he has offered the above explanation *in haec verba*. *See United States v. Coloma*, No. 98–1058, and *Chisolm v. State of New York*, No. 98–2307. The motions in all but the present case were granted, each having been submitted to a different judge of this Court, none of whom was aware, at the times of submission, that counsel's neglect and/or deliberate disregard for the deadline imposed by this Court's Rule had been or would be repeated.

The filing deadline imposed by the CJA Payment Rule is designed to allow consideration of a request for payment from government funds while the case in which the services for which compensation is sought remains reasonably fresh in the mind of the reviewing judge. Failure to comply with the deadline may of course be excused for good cause shown. A pattern of neglect and/or deliberate disregard such as that described above, however, does not comport with a finding of good cause.

The motion in the present case for permission to file the CJA voucher late is denied.